# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 24, 2004

## STATE OF TENNESSEE v. FRED L. MAINES

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S47,225     Phyllis H. Miller, Judge**

---

**No. E2003-02397-CCA-R3-CD**
**April 16, 2004**

---

The appellant, Fred L. Maines, was indicted by the Sullivan County Grand Jury for driving under the influence, fourth offense, a Class E felony. The appellant subsequently pled guilty to driving under the influence, first offense, a Class A misdemeanor, with the sentence to be determined by the trial court. Following a hearing, the trial court sentenced the appellant to eleven months and twenty-nine days confinement in the county jail, to be served at seventy-five percent. The trial court also imposed a three hundred fifty dollar ($350) fine and suspended the appellant's driver's license for one year. On appeal, the appellant contends that the trial court erred by ordering the appellant to serve seventy-five percent of his sentence in confinement. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal), and Michael LaGuardia, Kingsport, Tennessee (at trial), for the appellant, Fred L. Maines.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Murray-Smith and Robert Montgomery, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The appellant's guilty plea was based upon the following facts as recited by the State at the guilty plea hearing. On March 30, 2002, Kingsport Police Officer Matt Cousins stopped the appellant's vehicle after observing the appellant driving in an erratic manner. When Officer Cousins approached the appellant's vehicle, he observed the appellant attempting to hide beer bottles behind

the seat. Upon smelling the odor of alcohol about the vehicle and on the appellant's breath, Officer Cousins asked the appellant to step out of the vehicle and perform various field sobriety tests. The appellant performed poorly on the field sobriety tests and was arrested for driving under the influence (DUI). Officer Cousins transported the appellant to the Kingsport Justice Center, where the appellant agreed to take an intoximeter test. The test results indicated that the appellant had a blood alcohol content of .16 percent.

The appellant was subsequently indicted for DUI, fourth offense. Thereafter, the appellant pled guilty to DUI, first offense, with the sentence to be determined by the trial court. Following a hearing, the trial court sentenced the appellant to eleven months and twenty-nine days confinement, to be served at seventy-five percent. The trial court also imposed a three hundred fifty dollar ($350) fine and suspended the appellant's driver's license for one year. On appeal, the appellant contends that the trial court erred in ordering the appellant to serve seventy-five percent of his sentence in confinement.

## II. Analysis

When an appellant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). Generally, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). However, the trial court has more flexibility in misdemeanor sentencing than in felony sentencing. State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (citing State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998)). In misdemeanor sentencing, the "trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute." Troutman, 979 S.W.2d at 274. The burden of showing that a sentence was improper is on the appellant. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302 (2003), which provides in pertinent part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See also State v. Palmer, 902 S.W.2d 391, 392 (Tenn. 1995). Unlike a defendant convicted of a felony, a defendant convicted of a misdemeanor is not entitled to a presumptive minimum sentence. Johnson, 15 S.W.3d at 518 (citing State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997)). Rather, in sentencing the misdemeanor defendant, the trial court shall fix a percentage of the sentence that the defendant must serve in confinement before being eligible for release into rehabilitative programs. Tenn. Code Ann. § 40-35-302(d). The trial court shall consider the sentencing principles and enhancement and mitigating factors in determining the percentage to be served and "shall not impose such percentages arbitrarily." Tenn. Code Ann. § 40-35-302(d); see also Troutman, 979 S.W.2d at 274.

In the instant case, the appellant was convicted of DUI, first offense, a Class A misdemeanor. Tenn. Code Ann. § 55-10-403(a)(1) (Supp. 2002). A person convicted of a first offense DUI "shall be confined in the county jail or workhouse for not less than forty-eight (48) hours nor more than eleven (11) months and twenty-nine (29) days." Id. However, if the offender's blood alcohol content was greater than .20 percent, the minimum period of incarceration increases to seven days. Id.; see also State v. Helen Dixon Devers, No. M1999-00427-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 501, at *10 (Nashville, June 23, 2000). In effect, the DUI statute mandates a maximum sentence, with the only function of the trial court being to determine what period above the minimum period of confinement is to be suspended. State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996). Moreover, unlike general misdemeanor sentencing in which a trial court is not permitted to require confinement in excess of seventy-five percent, a trial court is authorized to require a DUI offender to serve one hundred percent of his sentence in confinement. State v. Allen Prentice Blye, No. E2001-01375-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 961, at *28 (Knoxville, Nov. 1, 2002) (citing State v. Palmer, 902 S.W.2d 391, 393-94 (Tenn. 1995)).

In sentencing the appellant, the trial court considered the arguments of counsel, the nature and circumstances of the offense, and the contents of the presentence report, including the statement of the appellant and the appellant's extensive criminal history. The trial court then considered the enhancement and mitigating factors to determine the portion of the sentence the appellant should serve in confinement before being eligible for release. The trial court applied the following enhancement factors:

> (2) The appellant has a previous history of criminal convictions or criminal behavior;
> (9) The appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;
> (11) The appellant had no hesitation about committing a crime when the risk to human life was high; and
> (17) The crime was committed under circumstances under which the potential for bodily injury to a victim was great.

Tenn. Code Ann. § 40-35-114 (2003). Regarding mitigating factors, the trial court afforded the appellant "some credit" based upon his "excellent work history." Tenn. Code Ann. § 40-35-113(13) (2003). Finding that the enhancement factors far outweighed the mitigating factors, the trial court ordered the appellant to serve seventy-five percent of his sentence in confinement.

On appeal, the appellant contends, and the State concedes, that the trial court erred by finding that the facts and circumstances surrounding the instant offense warranted the application of enhancement factor (17), i.e., the crime was committed under circumstances under which the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114(17). The appellant asserts that the instant offense of DUI did not involve a named victim. We agree. Enhancement factor (17) specifically requires that the potential for bodily injury be "to a victim" of the crime. Tenn. Code Ann. § 40-35-114(17); see also State v. Charles Justin Osborne, No. 01C01-9806-CC-00246, 1999 Tenn. Crim. App. LEXIS 465, at *8 (Nashville, May 12, 1999). Because there was no victim in the instant case, we conclude that enhancement factor (17) does not apply.

Next, the appellant contends that in sentencing the appellant, the trial court failed to consider as mitigating that the appellant had been making an effort to comply with his child support obligations. However, we note that according to the presentence report, the appellant was more than two thousand dollars ($2,000) in arrears on his child support payments at the time of sentencing. Accordingly, we conclude that this was not a factor to be considered by the trial court in mitigating the appellant's sentence.

Although not raised by either party, we conclude that the trial court improperly applied enhancement factor (11), i.e., the appellant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(11) (2003). Enhancement factor (11) may be applied where the appellant creates a high risk to the life of a person other than the victim. State v. Bingham, 910 S.W.2d 448, 452 (Tenn. Crim. App. 1995). However, proof must exist "that other persons or motorists were either in the vicinity or placed at risk by [the appellant's] conduct." See State v. Janice Carol Biskner, No. E2000-01440-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 887, at **39-40 (Knoxville, Nov. 13, 2001). In the instant case, the trial court applied enhancement factor (11) "based upon the facts of the case and the [appellant's] high blood alcohol." However, there was no evidence that other motorists were in the vicinity or placed at risk by the appellant's operation of a vehicle while under the influence. Accordingly, we conclude that enhancement factor (11) does not apply.

Although we have determined that the trial court erroneously applied enhancement factors (11) and (17), this does not necessarily lead to a reduction in the appellant's sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). The application of the two remaining enhancement factors, enhancements factors (2) and (9), are supported by the record. The presentence report reflects that the appellant has an extensive criminal history, consisting of numerous convictions for driving under the influence and other alcohol-related offenses. Tenn. Code Ann. § 40-35-114(2). The presentence report also reflects that the appellant had prior probation and parole violations, demonstrating the appellant's unwillingness to comply with the conditions of sentences involving release in the community. Tenn. Code Ann. § 40-35-114(9). Moreover, our supreme court has previously noted, "[s]ociety demands protection from those who habitually drink and drive in complete disregard for the welfare of others and for the laws of this state." Troutman, 979 S.W.2d at 272. These factors support the sentence imposed by the trial court.

### III.  Conclusion

Accordingly, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-4-